UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVEAUN CARSON,

    Plaintiff,

    v().                                     CAUSE NO. 3:21-CV-934-JD-MGG

TERRY BEANE, MAKEZIE MALLOT,
and BREATON,

    Defendants.

## OPINION AND ORDER

Daveaun Carson, a prisoner without a lawyer, filed a complaint alleging he was held in an unsanitary cell at the Miami Correctional Facility during March and April 2021. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Carson alleges Captain Murphy ordered Correctional Officer Jameson to take him to AHU on March 18, 2021. He argues this was because he asked for a grievance form, but the facts alleged show it was because he repeatedly demanded to immediately be given a grievance form and would not be quiet during the cell shakedown as

ordered. Carson argues he has a protected right to a grievance form, but "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause . . .." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

Carson alleges Officer Jameson put him a cell "full of urine and feces water and had blood on the walls, no power, no light, no emergency button and was very dark . . .." ECF 1 at 2. A few hours later, he asked Sgt. Corey Breaton for a mattress and cleaning supplies and was told, "I'll try to get you something," but Carson was later told by another guard that Sgt. Breaton did not do anything. *Id*. at 3. The next day, while Correctional Officer Mackezie Mallot was passing out medication, Carson asked for a mattress, cleaning supplies, and his property which included a prayer rug and Quran. He alleges Officer Mallot tased him in response. That evening, he asked Lt. T. Beane for the same items, after three days, Lt. Beane gave him some property, but no cleaning supplies, prayer rug, or Quran. Carson alleges Lt. Beane told him he could not have a prayer rug or Quran in AHU. He alleges he remained in that cell until April 6, 2021, when he was transferred out.

The Eighth Amendment requires prison officials "must provide humane conditions of confinement . . . and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Conditions of confinement must be severe to support an Eighth Amendment claim. "[T]he prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id*. at 834.

2

The Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). "[A] court considering an Eighth Amendment challenge to conditions of confinement must examine the totality of the circumstances. Even if no single condition of confinement would be unconstitutional in itself, exposure to the cumulative effect of prison conditions may subject inmates to cruel and unusual punishment." *Rhodes v. Chapman*, 452 U.S. 337, 362–63 (1981) (footnote, quotation marks, and citation omitted). Moreover, "the duration of the condition . . . determines whether the conditions of confinement are unconstitutional." *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997).

The complaint states a claim against Sgt. Corey Breaton, Correctional Officer Mackezie Mallot, and Lt. T. Beane for subjected Carson to unconstitutional conditions of confinement by housing him in a dark cell with urine, feces, and blood from March 18, 2021, to April 6, 2021. It does not state a claim against Captain Murphy because there is no allegation he had any knowledge of or control over the conditions of the cell. Neither does it state a claim against Correctional Officer Jameson who is only alleged to have been there long enough to put Carson in the cell. Though the conditions described are severe, if the cell had been cleaned or Carson moved, a brief stay in the cell would not have violated the constitution.

The complaint states an excessive use of force claim against Correctional Officer Mackezie Mallot. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but

3

maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Here, Carson alleges he was tased on the arm without justification on March 19, 2021.

The complaint states a claim against Lt. T. Beane for denying him access to a prayer rug and Quran after he gave Carson some of his other property in March 2021. Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Though there may have been legitimate reasons to deny Carson a prayer rug and Quran, once he was given some of his other property, the complaint plausibly alleges his placement in AHU may not have justified preventing him from having his religious property.

The complaint alleges Grievance Specialist Gapski destroyed or otherwise mishandled his grievances related to these events. This does not state a claim because "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause . . . ." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[P]rison officials who reject prisoners'

4

grievances do not become liable just because they fail to ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017).

The complaint seeks injunctive relief from Warden William Hyatt to obtain cleaning supplies, but since Carson was released from that unit, this claim is moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Finally, the complaint names George Payne as a defendant, but makes no allegations against him. Therefore, the complaint does not state a claim against either Warden Hyatt or Payne.

For these reasons, the court:

(1) GRANTS Daveaun Carson leave to proceed against Sgt. Corey Breaton, Correctional Officer Mackezie Mallot, and Lt. T. Beane in their individual capacities for nominal, compensatory, and punitive damages for subjecting him to unconstitutional conditions of confinement by housing him in a dark cell full of urine, feces, and blood from March 18, 2021, to April 6, 2021, in violation of the Eighth Amendment;

(2) GRANTS Daveaun Carson leave to proceed against Correctional Officer Mackezie Mallot in his individual capacity for compensatory and punitive damages for tasing him on the arm without justification on March 19, 2021, in violation of the Eighth Amendment;

(3) GRANTS Daveaun Carson leave to proceed against Lt. T. Beane in his individual capacity for denying him access to a prayer rug and Quran in March and April 2021, in violation of the First Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES George Payne, William Hyatt, Murphy, Jameson, and Gapski;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sgt. Corey Breaton, Correctional Officer Mackezie Mallot, and Lt. T. Beane at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(7) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Corey Breaton, Correctional Officer Mackezie Mallot, and Lt. T. Beane to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 15, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT