UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVEAUN CARSON,

      Plaintiff,

           v.                        CAUSE NO. 3:21-CV-934-JD-MGG

TERRY BEANE, MAKEZIE MALLOT,
and BREATON,

      Defendants.

OPINION AND ORDER

Daveaun Carson, a prisoner without a lawyer, filed an amended complaint. ECF 20. Because Carson has not previously filed an amended complaint in this case, pursuant to Federal Rule of Civil procedure 15(a)(1)(B), he does not need leave of court to amend. "When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward, and . . . wipes away prior pleadings . . .." *Massey v. Helman*, 196 F.3d 727 (7th Cir. 1999).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Carson alleges he was taken to AHU on March 18, 2021, and placed in a cell "full of urine and feces water and had blood on the walls, no power, no light, no emergency button and was very dark . . .." ECF 1 at 2. A few hours later, he asked Sgt. Corey Breaton for a mattress and cleaning supplies and was told, "I'll try to get you something," but Carson was later told by another guard that Sgt. Breaton did not do anything. *Id*. at 3. The next day, while Correctional Officer Mackezie Mallot was passing out medication, Carson asked for a mattress, cleaning supplies, and his property which included a prayer rug and Quran. He alleges Officer Mallot told him "no" and he had to wait until Lt. T. Beane came in. When Carson pressed the issue, he alleges Officer Mallot tased him. That evening, he asked Lt. Beane for the same items. After three days, Lt. Beane gave him some property, but no cleaning supplies, prayer rug, or Quran. Carson alleges Lt. Beane told him he could not have a prayer rug or Quran in AHU. He alleges he remained in that cell until April 6, 2021, when he was transferred out.

The Eighth Amendment requires prison officials "must provide humane conditions of confinement . . . and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Conditions of confinement must be severe to support an Eighth Amendment claim. "[T]he prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* at 834. The Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). "[A] court considering an Eighth Amendment challenge

to conditions of confinement must examine the totality of the circumstances. Even if no single condition of confinement would be unconstitutional in itself, exposure to the cumulative effect of prison conditions may subject inmates to cruel and unusual punishment." *Rhodes v. Chapman*, 452 U.S. 337, 362–63 (1981) (footnote, quotation marks, and citation omitted). Moreover, "the duration of the condition . . . determines whether the conditions of confinement are unconstitutional." *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997).

The complaint states a claim against Sgt. Corey Breaton, Correctional Officer Mackezie Mallot, and Lt. T. Beane for subjecting Carson to unconstitutional conditions of confinement by housing him in a dark cell with urine, feces, and blood from March 18, 2021, to April 6, 2021. The complaint states an excessive use of force claim against Correctional Officer Mackezie Mallot because the "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Here, Carson alleges he was tased on the arm without justification on March 19, 2021.

The complaint states a First Amendment claim against Lt. T. Beane for denying him access to a prayer rug and Quran after he gave Carson some of his other property

in March 2021. *See* ECF 20-1 at 3 (allowed property included two books) and ECF 1-1 at 5 (not allowed property included prayer rug and Quran). Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Though there may have been legitimate reasons to deny Carson a prayer rug and Quran, once he was given some of his other property, the complaint plausibly alleges his placement in AHU may not have justified preventing him from having his religious property.

The complaint does not state a First Amendment claim against Correctional Officer Mackezie Mallot. The only time Carson asked him for the prayer rug and Quran was on the morning of March 19, 2021, while he was passing out medication. ECF 20 at 3 and 8. Carson alleges Officer Mallot said he would not go get them and Carson needed to wait until Lt. Beane came in. "'[N]o prisoner is entitled to insist that one employee do another's job,' and the division of labor is critical to the efficient functioning of the organization." *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) (*quoting Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

The complaint does not state a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA). That act only affords injunctive relief. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011). Because the amended complaint alleges he was

4

released from restrictive housing more than a year ago, any RLUIPA claim he might

have had is moot.

For these reasons, the court:

(1) VACATES the original screening order (ECF 18);

(2) GRANTS Daveaun Carson leave to proceed against Sgt. Corey Breaton,

Correctional Officer Mackezie Mallot, and Lt. T. Beane in their individual capacities for

nominal, compensatory, and punitive damages for subjecting him to unconstitutional

conditions of confinement by housing him in a dark cell full of urine, feces, and blood

from March 18, 2021, to April 6, 2021, in violation of the Eighth Amendment;

(3) GRANTS Daveaun Carson leave to proceed against Correctional Officer

Mackezie Mallot in his individual capacity for compensatory and punitive damages for

tasing him on the arm without justification on March 19, 2021, in violation of the Eighth

Amendment;

(4) GRANTS Daveaun Carson leave to proceed against Lt. T. Beane in his

individual capacity for denying him access to a prayer rug and Quran in March and

April 2021, in violation of the First Amendment;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service

from (and if necessary, the United States Marshals Service to serve process on) Sgt.

Corey Breaton, Correctional Officer Mackezie Mallot, and Lt. T. Beane at the Indiana

Department of Correction, with a copy of this order and the amended complaint (ECF

20);

(7) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Corey Breaton, Correctional Officer Mackezie Mallot, and Lt. T. Beane to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 29, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT